## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KELLY CALLIN,

      Plaintiff,

      v.                               Case No. 20-2083-JAR-TJJ

PCS, INCORPORATED,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff Kelly Callin filed this action on February 26, 2020, alleging claims under Title VII of the Civil Rights Act of 1964[1] against her former employer, Defendant PCS, Incorporated. On April 3, 2020, Defendant filed its Answer and a Motion for Summary Judgment on the basis that it does not employ the requisite fifteen employees to be a statutory "employer" under Title VII.[2]  Before the Court is Plaintiff's Amended Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 13) under Fed. R. Civ. P. 56(d).  The motion is unopposed and the Court is prepared to rule.  For the reasons described below, Plaintiff's motion is granted.

Under Fed. R. Civ. P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[3]  The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[4]  The nonmovant must satisfy several requirements to

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] Doc. 8.

[3] Fed. R. Civ. P. 56(d); *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (discussing the standard under pre-amendment subsection (f)).

[4] *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

obtain relief under Rule 56(d).  By affidavit, the moving party must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts it can find through further discovery; (3) what steps it has taken to obtain such facts; and (4) how additional time will allow it to controvert facts.[5]  "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'"[6]

Plaintiff attached counsel Stephen C. Thornberry's declaration to her motion for extension of time.  The Court has reviewed Thornberry's declaration and finds that it satisfies the requirements for relief under Rule 56(d).  Defendant's motion for summary judgment was filed early in this case, concurrently with the Answer, on the discrete issue of the number of Defendant's employees during the relevant timeframe.  Plaintiff's counsel attests that while he believes that Defendant employed over twenty employees during the relevant timeframe, he needs an additional sixty days to conduct depositions and written discovery on this discrete issue in order to respond to the summary judgment motion.  Accordingly, the Court finds that Plaintiff has made the necessary showing under Rule 56(d), and opts to grant the motion for additional time to conduct discovery under Rule 56(d)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Amended Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 13) is **granted**.  Plaintiff's response deadline is extended to June 23, 2020.

**IT IS SO ORDERED.**

---

[5] *Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[6] *Garcia v. U.S. Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)).

Dated: April 29, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE